NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE CRUZ ZAVALA ALVAREZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1329

Agency No.
A039-837-305

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2023[**]
San Jose, California

Before: MURGUIA, Chief Judge, and PAEZ and FRIEDLAND, Circuit Judges.

Jose Cruz Zavala Alvarez ("Zavala Alvarez"), a native and citizen of

Mexico, petitions for review of the denial by the Board of Immigration Appeals

("BIA") of his applications for withholding of removal and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We review questions of law de novo and factual findings for substantial evidence. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020). We deny the petition.

1. Zavala Alvarez challenges the BIA's conclusion that, because he failed to establish that he had experienced past persecution in Mexico or that he more likely than not would be persecuted if returned to Mexico, he is not eligible for withholding of removal.

Substantial evidence supports the determination by the Immigration Judge ("IJ") and BIA that Zavala Alvarez did not experience persecution in Mexico. *See Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014) ("Where, as here, the Board incorporates the IJ's decision into its own . . ., this court will review the IJ's decision to the extent incorporated."). Zavala Alvarez testified that he received one indirect threat, and he never alleged that he was physically harmed. Although "[t]hreats are relevant to the past persecution analysis[,] . . . 'threats, without more, do not necessarily compel a finding of past persecution.'" *Sharma v. Garland*, 9 F.4th 1052, 1062 (9th Cir. 2021) (quoting *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021)). Threats are "most likely to [rise to the level of] persecution where [they] are repeated, specific and combined with confrontation or other mistreatment." *Id.* (quoting *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019)). Economic harm can also constitute persecution, but only if it

amounts to "a threat to life or freedom," *id.*, and the economic hardship of which Zavala Alvarez complains did not rise to that level. Similarly, although Zavala Alvarez's experiences may have caused emotional distress, that distress did not amount to persecution. *Lanza v. Ashcroft*, 389 F.3d 917, 934 (9th Cir. 2004) ("[N]ot all negative treatment equates with persecution.").

Substantial evidence also supports the determination by the IJ and BIA that Zavala Alvarez has not established that he would more likely than not be subject to persecution in the future. Zavala Alvarez received warning of a single threat in 2015, and the same person who gave him that warning returned in 2017 looking for him. Pablo, the alleged source of the threat, has since been killed. Although Zavala Alvarez worries that Pablo was killed by his own cartel and that the other cartel members will now target him because of his affiliation with Pablo, the determination by the IJ and BIA that this fear is too speculative is supported by substantial evidence. No one from the cartel has tried to reach Zavala Alvarez or his family since 2017. Nor has Zavala Alvarez established that "there is a pattern or practice" in Mexico "of persecution of a group of persons similarly situated" to him based on a protected category and that he belongs to that group. 8 C.F.R. § 1208.16(b)(2)(i)-(ii). Even assuming that childhood friends of cartel members were a protected category, the country conditions reports and Zavala Alvarez's cousin's death provide evidence of general crime and violence by cartels, not a

specific pattern of targeting childhood friends of cartel members.

2. Substantial evidence also supports the determination by the IJ and BIA that Zavala Alvarez is not eligible for CAT relief. To qualify for CAT protection, Zavala Alvarez bears the burden of establishing "that it is more likely than not that he . . . would be tortured if removed to" Mexico. *Id.* § 1208.16(c)(2). "Evidence of past torture inflicted upon" the petitioner is a relevant factor. *Id.* § 1208.16(c)(3)(i). For the same reasons that substantial evidence supports the conclusion that he has not established past persecution or a likelihood of future persecution, Zavala Alvarez has not established past torture or that it is more likely than not that he would be tortured if he were returned to Mexico.

**Petition DENIED.**